IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TROY M. RAPPA,

                Plaintiff,              OPINION AND ORDER

  v.

                                                     10-cv-585-wmc

SUN LIFE ASSURANCE COMPANY
OF CANADA,

                Defendant.

---

In this Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, action, the court previously granted plaintiff Troy M. Rappa's motion for summary judgment and remanded this case for further review of defendant Sun Life Assurance Company of Canada's denial of long-term disability and life insurance benefits. (Dkt. #75.) Judgment was entered in favor of plaintiff on September 24, 2013. (Dkt. #76.) Plaintiff subsequently moved for attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1), seeking $53,000 in attorney's fees and $401.33 in costs. (Pl.'s Mot. for Attorney's Fees (dkt. #77); Pl.'s Br. (dkt. #78).) Defendant Sun Life Assurance Company of Canada opposes plaintiff's motion, arguing that (1) Rappa is not entitled to attorney's fees at all, or, (2) in the alternative, the court should reduce the award. For the reasons that follow, the court will grant Rappa's motion and award him attorney's fees and costs in the total amount of $28,201.33.

OPINION

I.   **Entitlement to Award**

Title 29 U.S.C. § 1132(g)(1) provides:

> In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

More recently, in *Hardt v. Reliance Standard Life Insurance Co.*, 560 U.S. 242 (2010), the Supreme Court provided guidance as to the threshold a party must reach to be eligible for a discretionary award under this fee-shifting provision. Specifically, the court found that the party need not be the "prevailing party," as in civil rights cases under 42 U.S.C. § 1988 for example. Rather, the party must simply show "some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1)."

> A claimant does not satisfy that requirement by achieving trivial success on the merits or a purely procedural victory, but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue.

*Hardt*, 560 U.S. at 255 (internal quotation marks and alterations omitted).[1]

Once a party has achieved "some success on the merits," the court decides whether awarding fees is appropriate applying two tests: the "substantial justification" test and the five-factor test. *Raybourne v. Cigna Life Ins. Co. of New York*, 700 F.3d 1076, 1089 (7th Cir. 2012). "The two tests essentially pose the same question: was the losing party's

---

[1] In so holding, the Court also noted that use of a "five factor" test referred to in some Seventh Circuit cases and cases from other circuits is "not required for channeling a court's discretion when awarding fees under this section." *Hardt*, 560 U.S. at 255.

2

position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" *Id.* at 1090. More recently, the Seventh Circuit has arguably left open the possibility of a district court considering only whether a party achieved some degree of success on the merits, while still encouraging and giving deference to rulings that also apply the other tests. *Temme v. Bemis Co., Inc.*, -- F.3d --, No. 14-1085, 2014 WL 3843789, at *4 (7th Cir. Aug. 6, 2014).

The court previously found that defendant Sun Life violated ERISA by acting arbitrarily and capriciously in denying Rappa's benefits and remanded the case to the plan administrator for further review. Defendant argues that this result is "not enough success on the merits to make Plaintiff eligible for attorneys' fees." (Def.'s Opp'n (dkt. #81) 7.) The court disagrees. Even cases cited by defendant do not hold that an order for remand falls short of "some degree of success" for an award for attorney's fee under § 1132(g)(1). *See, e.g., Kenseth v. Dean Health Plan, Inc.*, 784 F. Supp. 2d 1081, 1096 (W.D. Wis. 2011) (denying attorney's fee award, but distinguishing case from others where the court ordered "remand to the administrator after a finding that the decision denying benefits was arbitrary and capricious," because in that case "the plaintiff received all the relief it could from the district court"), *vacated* 722 F.3d 689 (7th Cir. 2013) (advising district court to consider whether attorney's fees were appropriate in light of result on appeal); *Wyant v. Anthem Life Ins. Co.*, No. 7:12cv00274, 2013 WL 2456059, at *2 (W.D. Va. June 6, 2013) (denying attorney's fees because plaintiff "offers essentially no argument in support of her motion for attorney's fees" without any mention of the denial being based on the fact that the court remanded to the plan

3

administrator).  Indeed, Sun Life cites to a Seventh Circuit case, albeit an unpublished one, in which that court both (1) ) ordered plaintiff's substantive claim be remanded to the plan administrator for further proceedings and (2) remanded a case to the district court for reconsideration of attorney's fees request.  *See Huss v. IBM Med. & Dental Plan*, 418 Fed.Appx. 498, 513, 2011 WL 1388543, at *14 (7th Cir. Apr. 3, 2011).

Sun Life does direct the court to two district court cases where the courts rejected attorney's fee requests after finding remand a "purely procedural victory."  *See, e.g.*, *Dickens v. Aetna Life Ins. Co.*, No. 10-cv-00088, 2011 WL 1258854, at *6 (S.D. W. Va. Mar. 28, 2011); *Duncan v. Hartford Life and Acc. Ins. Co.*, No. 2:11-cv-01536-GEB-CKD, 2013 WL 1785904, at *2 (E.D. Cal. Apr. 25, 2013).  To the extent those cases stand for the proposition that a remand on procedural grounds only is an absolute bar to recovery (something not at all clear to the extent those courts were merely exercising their discretion not to award fees), this court will not follow them, especially in light of the Seventh Circuit's decision in *Huss* holding open the possibility of attorney's fees in ERISA cases involving a remand to the plan administrator.

Here, Rappa achieved all he could achieve in this court given the standard of review.  As such, Rappa arguably obtained not just "some," but *complete* success on the merits of his claim.[2]  Regardless of the specific characterization of the degree of Rappa's

---

[2] In its opposition brief, defendant states in a footnote that, "Here, Plaintiff will not receive relief beyond a remand back to Sun Life." (Def.'s Opp'n (dkt. #81) 7 n.6.)  To the extent defendant is stating unequivocally that plaintiff will be denied benefits upon remand, such a statement could be viewed as flouting this court's remand order, which necessarily entails a reassessment of Rappa's claim.

achievement, he certainly achieved the lower standard of "some success" embraced by the Supreme Court in *Hardt*.

The court also finds plaintiff is entitled to recover fees under the substantially justified and five factors tests. In determining whether a defendant in an ERISA action was substantially justified, the court is to consider "a party's posture during the case as a whole," including "*pre*litigation behavior." *Temme*, 2014 WL 3843789, at *5. As previously explained, the court specifically found that Sun Life acted arbitrarily and capriciously in denying benefits, including rejecting the opinion of plaintiff's treating physicians based on (1) Dr. Lambur's misinformed and conclusory opinions; and (2) self-serving surveillance tapes that failed to contradict evidence of plaintiff's inability to work an eight-hour day. (9/18/13 Opinion & Order (dkt. #75) 22.) As such, Sun Life's posture during the case as a whole was not substantially justified.

The five factors that courts are to consider in determining whether to award fees under ERISA § 502(g)(1) are:

> 1) the degree of the offending parties' culpability or bad faith; 2) the degree of the ability of the offending parties to satisfy personally an award of attorney's fees; 3) whether or not an award of attorney's fees against the offending parties would deter other persons acting under similar circumstances; 4) the amount of benefit conferred on members of the pension plan as a whole; and 5) the relative merits of the parties' positions.

*Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. College of Wis., Inc.*, 657 F.3d 496, 506 (7th Cir. 2011).

Here, the court's finding that Sun Life's position was not substantially justified bears directly on a similar finding that Sun Life was substantially culpable and acted with

5

little merit in terminating plaintiff's benefits (the first and fifth factors). Moreover, the second and third factors -- Sun Life's ability to pay and the fact that such an award may deter Sun Life and other plan administrators from denying benefits arbitrarily and capriciously -- further weigh in favor of an attorney's fee award. While the fourth factor is not particularly relevant given that Rappa's claim concerns only his own, particular claim, rather than a broader group of plan participants, neither does it militate against an award of fees called for by the other four factors.

By any test, then, the court finds an award of attorney's fees and costs appropriate under 29 U.S.C. § 1132(g)(1).

## II.   Amount of Award

Having found an award justified here, the court must determine the amount of that award. Plaintiff seeks attorney's fees under the lodestar approach, which involves multiplying the "number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Specifically, Rappa seeks an award of fees for 179 hours at $300 per hour, for a total of $53,000, as well as an award of costs in the amount of $401.33.

In support, plaintiff's counsel submitted an affidavit from one of its partners attesting to plaintiff's counsel's rate of $300 per hour as reasonable and appropriate for lawyers handing ERISA disability cases in Wisconsin. (Declaration of Tracy N. Tool (dkt. #79).) Plaintiff also submitted declarations from plaintiff's counsel describing her process for arriving at the hours spent on this case and attaching a detailed description of

those activities including: (1) 52 hours spent on filing a second motion for summary judgment; (2) 38 hours responding to defendant's motion for summary judgment; (3) 42 hours on reply and related submissions to plaintiff's motion for summary judgment; (4) 35 hours spent on various filings related to defendant's ERISA defense; and (5) 12 hours on discovery and review of the administrative record. (3rd Declaration of Martha H. Heidt (dkt. #80), *id.*, Ex. A (dkt. #80-1).) Finally, plaintiff also attaches an itemized list of costs. (*Id.*, Ex. B (dkt. #80-2).)

Despite these submissions, it is of substantial concern to the court that plaintiff's counsel apparently failed to maintain contemporaneous time records, particularly when the possibility of a statutory fee award was known (or knowable) from the outset. Rather, as described above, lead counsel provides "estimates" for time spent on various categories of work activity by dates of filings and a description of those filings. Defendant characterizes plaintiff's counsel's submission as guesses, "based on nothing more than the number of pages counsel read and filed." (Def.'s Opp'n (dkt. #81).) As plaintiff's counsel explains in a supplemental declaration, these time estimates "were produced by estimating my actual time spent on the listed matters and then making a good faith effort to reduce such hours based on billing judgment to [a] lesser amount that I believed was reasonably expended in regard to the listed matters." (4th Declaration of Martha H. Heidt (dkt. #83).) However much this creative reconstruction may have been done in good faith, it is *not* a substitute for a loadstar approval. In the future, she would be well advised to maintain actual time and rate records in ERISA cases or simply not undertake them.

7

While detailed time records would make the court's task much easier, the court does not find a lack of those records a basis to award *no* fees, which would be an unjustified windfall for defendant who took and maintained an essentially unjustifiable position through summary judgment. Moreover, the court finds plaintiff's estimates sufficiently detailed and reasonable to provide some guidance for awarding fees.

In addition to this general challenge, Sun Life specifically objects to plaintiff's request for fees associated with (1) his failed effort to pursue his claim as a breach of contract claim, rather than under ERISA; and (2) his argument that the court should apply a *de novo* standard of review. (Def.'s Opp'n (dkt. #81) 12-14.) The court agrees and will deduct fees associated with the 35 hours described in category 4 above, and will deduct 5 hours from the 52 hours plaintiff's counsel spent preparing his motion for summary judgment and supporting materials. Sun Life does not object to plaintiff's counsel's rate of $300 per hour, and the court finds that rate reasonable given the nature of ERISA cases.

Were the court able to confidently rely upon those hours, this would ordinarily result in an award of $41,700 in attorney's fees, representing 139 hours of work at $300 per hour. Instead, the court will discount the award further by 33% and award $27,800 in attorney fees to account for the uncertainty created by counsel's failure to maintain contemporary billing records. Given the outcome, complexity of this case, and defendant's failure to come forward with its counsel's own fees to rebut plaintiff's request, the court finds this reduced fee award well within the realm of a reasonable fee award. The court will also award plaintiff $401.33 in reimbursement for statutory costs.

ORDER

IT IS ORDERED that:

1) plaintiff Troy M. Rappa's petition for attorney's fees and costs (dkt. #77) is GRANTED; and

2) the judgment is amended to award reasonable attorney's fees and costs in the total amount of $28,201.33.

Entered this 8th day of September, 2014.

                                            BY THE COURT:

                                            /s/
                                            _____
                                            WILLIAM M. CONLEY
                                            District Judge